IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| A'KEEM JAMAL GRINNELL CROPPER, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> DANA METZGER, Warden, and : <br> ATTORNEY GENERAL OF THE STATE : <br> OF DELAWARE, : <br> : <br> Respondents. : | Civil Action No. 18-1958-LPS |

## **MEMORANDUM**

Presently pending before the Court is Petitioner A'Keem Jamal Grinnell Cropper's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner asserts that the Delaware Department of Corrections has violated the Delaware Code by revoking his accumulated good time credits without the Warden's approval. (D.I. 2 at 5) Petitioner asserts that his motion to reinstate statutory good time is presently pending in the Delaware state courts. (D.I. 2 at 6)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Given Petitioner's admission that his motion to reinstate statutory good-time credit is

still pending in in the Delaware courts, the Court concludes that Petitioner has not yet exhausted state remedies for his Petition.[1]

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition (D.I. 2) without prejudice, and dismiss his Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1) as moot. The Court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: December 28, 2018

UNITED STATES DISTRICT JUDGE

---

[1] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.

2